UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
MAR 06 2023

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | No. 3:23-00047 |
| | ) | 21 U.S.C. § 841 |
| WILLARD M. WEST | ) | |

INFORMATION

THE UNITED STATES CHARGES:

Introduction

At all times material to this Information:

1. **WILLARD M. WEST** was a medical doctor, licensed under number 9741 by the State of Tennessee Department of Health, since April 27, 1976.

2. At all times relevant to the charges in the Information, **WILLARD M. WEST** operated a medical practice located in Lebanon, Tennessee. While practicing, and beginning in March 2020, **WILLARD M. WEST** consulted with patients remotely from his residence, also located in Lebanon, Tennessee.

3. **WILLARD M. WEST** was registered with the U.S. Drug Enforcement Administration ("DEA") to prescribe controlled substances, under registration numbers AW7245194 and XW7245194, and was authorized to do so consistent with those registrations.

4. Under the Controlled Substances Act, Title 21, United States Code, Section 801 *et seq.*, and Title 21, United States Code, Section 841(a), and Title 21, Code of Federal Regulations, Section 1306.04, a prescription for a controlled substance was not legal or effective unless issued

for a legitimate medical purpose by a practitioner acting in the usual course of professional practice.

5. Beginning at least as early as January 2016, and continuing through at least October 2020, **WILLARD M. WEST** routinely prescribed various Schedule II controlled substances, including oxycodone, to individuals seen at his medical practice, knowing that these prescriptions were outside the usual course of professional practice and without a legitimate medical purpose.

## COUNTS ONE THROUGH THREE

THE UNITED STATES FURTHER CHARGES:

6. Paragraphs 1 through 5 are re-alleged and incorporated by reference as though fully set forth herein.

7. On or about the dates set forth in each count below, in the Middle District of Tennessee and elsewhere, **WILLARD M. WEST** did knowingly and intentionally distribute oxycodone, which was a Schedule II controlled substance, as listed below, outside the usual course of professional practice and without a legitimate medical purpose, each of which constitutes a separate count of this Information:

| Count | Approximate Date of Distribution | Individual | Controlled Substance |
|---|---|---|---|
| 1 | June 3, 2019 | V.K. | Oxycodone-Acetaminophen |
| 2 | January 14, 2020 | C.M. | Oxycodone-Acetaminophen |
| 3 | October 14, 2020 | K.H. | Oxycodone |

Each in violation of Title 21, United States Code, Section 841(a)(1).

## FORFEITURE ALLEGATION

THE UNITED STATES FURTHER CHARGES:

8. The allegations contained in the Information are hereby realleged and incorporated by reference as if fully set forth in support of this forfeiture allegation.

9. Upon conviction of any Count in the Information (Unlawful Distribution of a Controlled Substance), **WILLARD M. WEST** shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853(a):

    a. any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such offense; and

    b. any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense, including but not limited to a money judgment in an amount to be determined, representing the aggregate value of the forfeitable property.

## SUBSTITUTE PROPERTY

10. If any of the property described above, as a result of any act or omission of **WILLARD M. WEST**:

    a. cannot be located upon the exercise of due diligence.

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been comingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of the substitute property, and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of **WILLARD M. WEST** up to the value of said property listed above as subject to forfeiture.

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

GLENN S. LEON
Chief, Fraud Section
United States Department of Justice

Leslie Williams Fisher
Trial Attorney
United States Department of Justice
Fraud Section, Criminal Division
719 Church Street, Suite 3300
Nashville, TN 37203
Leslie.Fisher2@usdoj.gov