UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:23-cr-00047 |
| ) | Judge Campbell |
| WILLARD M. WEST ) | |

## PETITION TO ENTER A PLEA OF GUILTY

I, **Willard M. West,** respectfully represent to the Court as follows:

(1) My true full name is **Willard M. West** and I declare that all proceedings against me be had in that name. My date of birth is June 26, 1950. I completed 20 years of formal education.

(2) My retained attorneys are **Peter J. Strianse, Esq.** and **B.F. Jack Lowery, Esq.**

(3) I have received a copy of the *Information* before being called upon to plead and have read and discussed it with my lawyers, and I believe and feel that I understand every accusation made against me in the *Information.*

(4) I have told my lawyers the facts and surrounding circumstances concerning the matters mentioned in the *Information* and believe and feel that my lawyers know as much about this as I do. My lawyers have counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyers have explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalties for the offense with which I am charged in the *Information* is as follows:

> **Counts One, Two & Three** (Distribution of Schedule II Controlled Substances Without a Legitimate Medical Purpose and Outside the Usual Course of Professional Practice, 21 U.S.C. § 841(a)(1)) – each count carries a maximum punishment of twenty (20) years imprisonment, a $1,000,000 fine or both, a term of supervised release of at least three (3) years, and a $100 special assessment.

(6) I have been advised that I will be sentenced under the sentencing provisions of the Comprehensive Crime Control Act of 1984. Specifically, I will be sentenced pursuant to the statutorily established sentencing factors enumerated at 18 U.S.C. § 3553(a). I understand that the Sentencing Guidelines established by the United States Sentencing Commission are specifically included as one of several components of the Court's sentencing considerations. I also understand that the Court must treat the United States Sentencing Guidelines as merely

advisory and that the Court may or may not impose a sentence within the guideline range after taking into consideration each of the factors set forth in 18 U.S.C. § 3553(a).[1] I also understand that, if the Court fails to follow, improperly or unreasonably applies the statutory sentencing factors set forth at 18 U.S.C. § 3553(a) (specifically including the Guidelines), I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit. Consistent with the plea agreement, the parties agree that the sentencing guideline calculations are moot in this case and that the sentence agreed to is an appropriate sentence. I have been advised by my attorney that the advisory Guideline range should be from **46 to 57 months. This calculation assumes a Base Offense Level of 24, increased by two levels for abuse of a position and trust, full credit for acceptance of responsibility, and a Criminal History Category I.** I realize that this is simply my attorney's estimate and that my Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case, subject to challenge by either me or the government, with the final guideline calculation being based upon the factual and legal findings of the Court, and with my ultimate sentence being based upon the Court's consideration of all factors set forth in 18 U.S.C. § 3553(a). These sentencing findings are subject to appellate review.

(7) I further understand that in addition to any sentence of incarceration I may receive that I will be sentenced to a period of supervised release and that, if I violate the terms of that supervised release, I could face revocation of that supervised release and be imprisoned for a term equal to the entire period of supervised release. I have been informed that, under the present federal sentencing system, I will not be subject to parole. I have been informed that I will receive only 54 days good time per year, and it will not vest until the end of each year. I further understand that I may be sentenced to a fine to be calculated through the guidelines unless the Judge finds me indigent and unable to pay any fine. Considered in this fine will be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision.

(8) I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law that (a) I cannot vote in Tennessee; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation or parole whether state or federal, the fact that I have been convicted may be used to revoke my probation or parole regardless of what sentence I receive on this case; (d) This conviction may be used as one of the necessary convictions a state would have to prove should they decide to prosecute me for being an habitual criminal. If I were convicted of being an habitual criminal I could be sentenced up to life imprisonment depending on state law; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988.

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY," and that if I choose to plead not guilty, the

---

[1] In light of the U.S. Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the U.S. Sentencing Guidelines are effectively advisory, requiring a sentencing court to consider Guidelines ranges, *see* 18 U.S.C. § 3553(a)(4), but permitting it to tailor the sentence in light of other statutory concerns, *see* 18 U.S.C. § 3553(a).

2

Constitution guarantees me (a) the right to a speedy trial and public trial by jury; (b) the right not to testify, and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor, and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my own defense at all stages of the proceedings; (g) if I am convicted at such trial, I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead guilty just as if a jury found me guilty of the charge(s) following a trial, and that the court may impose a sentence upon me with the limits set forth in the plea agreement stated in paragraph ten (10) herein.

(10) No officer or agent of any branch of government (federal, State or local), nor any other person, has told me what sentence I will receive. If there are any agreements between myself, my lawyer and the prosecution concerning my plea, they are fully set forth in paragraph ten (10) below. I understand that, even with a plea agreement, no person can bind the Judge to give any particular sentence in my case and that, if the Judge decides to reject the plea agreement set forth in paragraph ten (10) below, I will be offered the opportunity to withdraw my plea and plead not guilty, if I desire, unless the government has only agreed to recommend a sentence to the court [Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure]. I am prepared to accept any punishment permitted by law which the Judge may see fit to impose within the limits of the plea agreement. I understand that I am not eligible for probation if I am convicted of a Class A or Class B felony punishable by twenty or more years imprisonment. However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that, by voluntarily pleading "GUILTY," I have saved the government and the Court the expense and inconvenience of a trial. [Federal Rules of Criminal Procedure. Rule 32(a)(1)]. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration, or whether any sentence of incarceration should be concurrent with any state time I am already serving, that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated or whether my sentence will be concurrent (unless the judge does not recommend concurrent or orders it to be consecutive) with any State time.

(11) My lawyers have done all that anyone could do to counsel and assist me, and I understand the proceedings in this case against me. My lawyers have done all the investigation and research in this case that I have asked him to do, and I am satisfied with their representation at this point.

(12) I fully understand my rights to plead "NOT GUILTY" and fully understand the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows: Plea of Guilty to Counts One, Two and Three of the *Information*.

3

(13) This plea is the result of a plea agreement between my lawyer and the prosecution under the provisions of Federal Rule of Criminal Procedure 11(c)(1)(B):

> The particularized terms and conditions of the plea agreement are contained in the attached "Plea Agreement" prepared by Assistant United States Attorney Leslie W. Fisher.

(14) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyer has explained to me, and I feel and believe I understand, the statements set forth in the *Information*, and in this petition, and in the "Certificate of Counsel" which is attached to this petition.

(15) I am not under the influence of either drugs or alcohol.

(16) I pray the Court to enter now my plea of "GUILTY" as set forth in paragraph (9) of this petition, in reliance upon my statements made in this petition.

(17) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I hereby waive the provisions of Rule 32, Fed. R. Crim. P. to the extent that such provisions conflict with 18 U.S.C. § 3552(d) and agree that the pre-sentence report may be disclosed to the U.S. Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyers, this the 22 day of May, 2023.

_____
WILLARD M. WEST
Defendant

## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement are accurately stated above.

_____
LESLIE W. FISHER
Attorney for Government

## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for **Willard M. West,** hereby certifies as follows:

(1) I have read and fully explained to, **Willard M. West**, all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by **Willard M. West**, in paragraph (9) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (9) of the foregoing petition.

Signed in open court in the presence of **Willard M. West**, this _22J_ day of May, 2023.

_____
PETER J. STRIANSE
Attorney for Defendant West

_____
B.F. LOWERY
Attorney for Defendant West

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:23-cr-00047 |
| ) | Judge Campbell |
| WILLARD M. WEST ) | |

## ORDER

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the Defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

DONE in open court this 22nd day of May, 2023.

_____
WILLIAM L. CAMPBELL, JR.
United States District Judge